STATE OF NORTH CAROLINA v. HOMEZELLE BENTHALL

No. 7315SC287

(Filed 12 December 1973)

1. Assault and Battery § 13— evidence that defendant shot victim on other occasions

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, testimony by the prosecutrix that defendant had shot her on four previous occasions was competent to show that defendant shot the prosecutrix intentionally rather than accidentally as he contended.

2. Assault and Battery § 13— defendant's contacts with victim subsequent to shooting

In a felonious assault prosecution, testimony by the prosecutrix and her son concerning contacts defendant had made with them subsequent to the shooting did not constitute prejudicial error.

APPEAL by defendant from Clark, Judge, 14 September 1972 Session of Superior Court held in ORANGE County.

By indictment, proper in form, defendant was charged with felonious assault with a deadly weapon with intent to kill inflicting serious injuries. He pled not guilty.

The prosecuting witness, Martha Louise Gaddis, testified in substance to the following: She had known the defendant for two years and had dated him until two months prior to this charge. On the night in question defendant came to her home in Chapel Hill and tried to borrow money from her. When she refused, he began cursing, so she asked him to leave. Defendant left but a short time later returned, broke the glass in the front door, and came in, shooting and yelling "I am going to kill you." Defendant had a pistol and fired one shot outside the house and three shots inside. Two shots hit her, one passing through her lungs and one by her heart. Mrs. Gaddis was taken to the

hospital, where she remained for almost three weeks, a part of that time in intensive care. Joe Gaddis, the twenty-four-year-old son of the prosecuting witness, who was in the house at the time of the shooting, also testified as a witness for the State and corroborated his mother's testimony.

Defendant testified in substance to the following: On the night in question, Mrs. Gaddis was drinking heavily and got "pretty drunk." He walked to the front door and started out. She asked him where he was going, and when he told her he was going out on the porch, she called him a "damn liar" and shot him, the bullet hitting his left hand. As she was trying to shoot again, he grabbed her and pressed both of her hands up to her chest, and the gun went off and hit her. Joe Gaddis jumped up and got a shotgun. Defendant ran out the back door, and as he did so, Joe Gaddis shot him and knocked him into the street. Defendant got up and went to Durham.

The jury found defendant guilty as charged. Defendant was sentenced to prison for a term of not less than seven nor more than ten years. Defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*Thomas D. Higgins III for defendant appellant.*

PARKER, Judge.

The evidence, when viewed in the light most favorable to the State, was amply sufficient to withstand defendant's motions for nonsuit. There was substantial evidence of every element of the crime charged.

[1]  Defendant contends that the court erred in overruling his objections to admission of testimony as to defendant's actions toward the prosecutrix both prior and subsequent to the occurrence which gave rise to the charge in the present case. In this connection the prosecutrix testified that defendant had shot her on previous occasions and that the shooting in this case was the fifth occasion that he had shot her. There was no error in admitting this evidence. It was relevant to show that defendant shot the prosecutrix intentionally rather than accidentally. 1 Stansbury's N. C. Evidence, Brandis Revision, § 92.

[2]   The prosecutrix and her son also testified over defendant's objections to contacts the defendant had made with them subsequent to the shooting. The testimony concerning what was said or done on these occasions could not reasonably be considered as prejudicial to defendant and its admission resulted in no prejudicial error.

Finally, defendant contends that the court committed error in its charge to the jury when restating the contentions of the State to the jury. However, we have reviewed the charge as a whole and are of the opinion that prejudicial error has not been shown.

Defendant has had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.